# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Steve Miller, | ) |
|               Plaintiff, | ) C.A. No.: 2:17-cv-3015-PMD |
| v. | ) **ORDER** |
| Melanie Burkhold and Melanie Herman, also known as Melanie Newcomb, | ) |
|               Defendants. | ) |

This matter is before the Court on Plaintiff Steve Miller's motion to remand (ECF No. 7). For the reasons set forth herein, Plaintiff's motion is granted.

## BACKGROUND

This action arises out of a defamation dispute between Plaintiff and Defendants Melanie Burkhold and Melanie Herman. Plaintiff brings slander, libel, intentional interference with contractual relations, and abuse of process causes of action against Defendants arising out of their comments about his actions during a clinical drug study he conducted. Plaintiff's study was subject to U.S. Food and Drug Administration ("FDA") protocols and guidelines, and Defendants contend that any effort to resolve Plaintiff's defamation claims will require that the Court resolve questions about the FDA's regulations and the FDA's investigative findings. Moreover, Defendants contend that they are whistleblowers and are entitled to protection for reporting Plaintiff to the FDA.

## PROCEDURAL HISTORY

Defendants removed this action from state court on November 6, 2017. Plaintiff filed his motion to remand on November 15. After receiving an extension of time, Defendants filed a joint

response in opposition to Plaintiff's motion on December 9. Plaintiff replied on December 18. Accordingly, this matter is now ripe for consideration.

## **LEGAL STANDARD**

The burden of demonstrating jurisdiction resides with "the party seeking removal." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). District courts are obliged to construe removal jurisdiction strictly because of the "significant federalism concerns" that removal implicates. *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Therefore, "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary." *Dixon*, 369 F.3d at 816; *see also Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) ("[C]ourts should 'resolve all doubts about the propriety of removal in favor of retained state court jurisdiction.'" (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993))).

Here, the parties are not diverse and this Court's jurisdiction, if it exists, must rely on federal question jurisdiction pursuant to 28 U.S.C. § 1331. Here, where state law "creates the cause of action, federal question jurisdiction depends on whether the plaintiff's 'well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Benjamin v. S.C. Elec. & Gas Co.*, No. 3:16-cv-1141-JMC, 2016 WL 3180100 (D.S.C. June 8, 2016) (quoting *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005)). The Supreme Court has held that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."

*Gunn v. Minton*, 568 U.S. 251, 258 (2013) (reciting the factors set forth in *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005)).

**DISCUSSION**

The primary allegations in Plaintiff's complaint that relate to the FDA, and thus to whether this Court has jurisdiction, are paragraphs seven, eight, and twelve. They read as follows:

> 7. Upon information and belief Melanie Burkhold and Melanie Newcomb made false statements to the U.S. Food and Drug Administration regarding Dr. Miller's adherence to established procedures for conducting medical studies.
> 8. Upon information and belief, as a result of these false statements made to the FDA, the FDA commenced an investigation into Dr. Miller's practice.
> . . .
> 12. Ultimately the investigation concluded that Dr. Miller had adhered to the established procedures and conformed to the standards of his profession.

(Compl., ECF No. 1-1, at ¶¶7–8, 12.) These allegations are all pled in support of Plaintiff's claim for slander. Having set forth the relevant portions of the complaint that most implicate federal law, the Court turns to the test discussed in *Gunn*.

First, the Court must determine whether the complaint raises a stated federal issue. The Court concludes that it does. Plaintiff's defamation allegations in his complaint do depend in part on the FDA's findings and protocols because to prove his defamation claims he must show that Defendants' statements were false. Because Defendants' statements to the FDA were allegedly based on their view that Plaintiff was not complying with the FDA's protocols during his clinical trial, the jury might have to look to those protocols to determine whether Defendants' statements were false. Moreover, those issues are actually disputed, as it appears from their briefs that the parties disagree about both the FDA's findings and whether Plaintiff violated any of the FDA's protocols or regulations. However, for the reasons set forth below, the Court concludes that these issues are not substantial, and do not warrant federal court jurisdiction over these state law causes of action.

"The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. In determining substantiality, the Court considers three factors:

> First, a pure question of law is more likely to be a substantial federal question. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700–01 (2006). Second, a question that will control many other cases is more likely to be a substantial federal question. *Id.* Third, a question that the government has a strong interest in litigating in a federal forum is more likely to be a substantial federal question. *Grable*, 545 U.S. at 315–16, 125 S. Ct. at 2368–69.

*MDS (Canada) Inc. v. Rad Source Techs., Inc.*, 720 F.3d 833, 842 (11th Cir. 2013). Here, the question of whether Defendants made the defamatory statements and whether those statements were true or not is a factual question for the jury, rather than a legal question. Additionally, the parties' dispute as to whether the FDA's findings were correct does not require any analysis or interpretation of federal law; all that is required is a simple review of what those past findings were. Second, the outcome here is unlikely to control any other cases, as the specific facts here have to do with Plaintiff's specific clinical trial and statements Defendants made to the FDA about it. Finally, Defendants point to various federal whistleblower protections as evidence that the government has a strong interest in having these cases litigated in a federal forum. However, none of those protections explicitly apply to Defendants, and Congress has not created any federal causes of action applicable to these facts. Weighing all of these factors, and considering that if jurisdiction is doubtful, remand is necessary, the Court concludes that this case does not fall into the "'special and small category' of cases in which [federal question] jurisdiction still lies." *Gunn*, 568 U.S. at 258.

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that Plaintiff's motion to remand is **GRANTED** and this case is remanded to the Charleston County Court of Common Pleas.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**May 1, 2018**
**Charleston, South Carolina**